# STATE OF FLORIDA v MITTLEMAN

## Case No. 90-28507TC A04

County Court, Palm Beach County

January 15, 1991

### APPEARANCES OF COUNSEL

**Office of the State Attorney,** for plaintiff.
**Steven R. Jacob, Esquire,** for defendant.

### OPINION OF THE COURT

PETER D. BLANC, County Judge.

*ORDER GRANTING MOTION TO SUPPRESS*

THIS MATTER came before the Court upon the Motion to Sup-

press filed by the Defendant. The Court heard testimony and argument of counsel. The facts upon which this Motion is based are as follows:

1. On June 23, 1990, the Defendant was arrested for DUI by officers of the Boynton Beach Police Department.

2. The Defendant agreed to submit to a chemical test of his breath and subsequently gave three samples of his breath.

3. At 3:53 a.m. the first sample of Defendant's breath was recorded as an invalid sample, thus indicating the presence of mouth alcohol.

4. The second sample of the Defendant's breath was taken at 3:54 a.m. The result given by the machine was .17. At that time, the machine did not indicate the presence of mouth alcohol.

5. At 3:58 a.m. the third sample of the Defendant's breath was recorded as .16.

6. The machine reported that the third sample of the Defendant's breath given at 3:58 a.m. was insufficient.

7. The insufficient sample was not a machine error, but was the result of the Defendant's failure to provide an adequate sample of his breath.

8. An insufficient breath sample can result in an artificially low reading, but could not produce a reading that is artificially higher than the actual blood alcohol level of the subject.

Defense argues for suppression on two grounds. First, defense argues that the State has failed to substantially comply with HRS regulations by failing to obtain and test two adequate samples of the Defendant's breath. The Court rejects this argument on two grounds. First, the insufficiency of the third sample of the Defendant's breath was a direct result of the Defendant's own failure to provide an adequate sample of his breath. Second, the fact that the third sample of the Defendant's breath is within the guideline range for reliability of the second sample dictates against suppression on the grounds stated.

The second argument of the defense is premised upon the failure of the State to wait 20 minutes to test the Defendant's breath after the first test result indicated the presence of mouth alcohol. The State, through testimony of Deputy Golson, admits that it would have been appropriate to wait 20 minutes after the machine determined the presence of mouth alcohol. However, Deputy Golson also stated that he believed the results of the second and third tests were reliable based upon the fact that the test results were within the statutory guidelines for reliability as well as the fact that the machine did not detect the

**185**

presence of mouth alcohol. The Court rejects the State's argument on both grounds.

First, the fact that the two test results, .17 and .16, are within the statutory guidelines for reliability does not eliminate the possibility that both test results could have been affected by the presence of mouth alcohol determined to exist three and seven minutes before the tests respectively. In other words, both test results could have been artificially high. Second, one of the purposes behind the 20 minute observation period is to be certain to eliminate the presence of mouth alcohol. If the machine's mouth alcohol detection system were a proper substitute for the 20 minutes observation period, then HRS should modify its regulations to eliminate the observation period. However, since the observation period is required, common sense dictates that an indication that mouth alcohol is present would require a subsequent 20 minute observation period from the time the existence of mouth alcohol is determined.

In the instant case the indication of the presence of mouth alcohol was simply ignored. Instead of restarting the observation period testing continued which elicited results that clearly could have been affected by the presence of mouth alcohol. Based upon the foregoing, it is hereby

ORDERED AND ADJUDGED that the Defendant's Motion to Suppress is granted and that the test results and any evidence relating thereto shall be barred from introduction at trial.

DONE AND ORDERED in West Palm Beach, Palm Beach County, Florida, this 15th day of January, 1991.